UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRENTON DWAYNE THOMPSON, )
#93866 )
)
　　　　Plaintiff, )　　2:10-cv-01326-GMN-LRL
)
vs. )
)　　**ORDER**
HOWARD SKOLNIK, *et al.*, )
)
　　　　Defendants. )
_____)

　　　　This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I. Screening Standard**

　　　　Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

　　　　Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the

same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued

Nevada Department of Corrections ("NDOC") Director Howard Skolnik, Deputy Director Greg Cox, Southern Desert Correctional Center ("SDCC") Associate Warden of Programs ("AWO") Cheryl Burson, Sgt. Daniel Angus, and HDSP caseworker William Venneman. Plaintiff alleges violations of his Fifth and Fourteenth Amendment Due Process rights.

Plaintiff alleges the following: while incarcerated at SDCC, he worked in the law library. On May 8, 2009 he was "Mirandized" and questioned about an alleged inappropriate relationship with the law library supervisor. On May 11, he sent a "discovery request" to the investigative office. On June 1 he was placed in administrative segregation, on June 3 he was take to CCS Russell's office for a classification hearing. On June 9 he was served with a notice of charges and that day he submitted a "discovery request" to the hearing officer. Sgt. Daniel Angus conducted the disciplinary hearing on June 11, and the next day plaintiff was transferred to maximum security segregation at HDSP. Plaintiff appealed. After plaintiff's transfer, caseworker Venneman prepared a report and "included unsubstantiated facts and attributed false allegations against plaintiff in relation to the notice of charges." Plaintiff filed a grievance with respect to this report.

First, plaintiff asserts a claim under the Due Process Clause of the Fifth Amendment. The procedural guarantees of the Fifth and Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977); *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government-not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)). Plaintiff does not allege that any of the defendants are federal actors. Accordingly, plaintiff has failed to state a claim alleging a violation of the Fifth Amendment.

Plaintiff also apparently claims violations of his Fourteenth Amendment due

process rights. "Prisoners . . . may not be deprived of life, liberty or property without due process of law . . . .[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See id.* at 563-70; *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003); *Neal v. Shimoda*, 131 F.3d 818, 830-31 (9th Cir. 1997); *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *McFarland v. Cassady*, 779 F.2d 1426, 1428 (9th Cir. 1986), *abrogated in part on other grounds by Sandin*, 515 U.S. 472.

This court finds that the Fourteenth Amendment claims are so vague that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). It is not clear whether plaintiff challenges the disciplinary proceedings, and if so what aspects of the proceedings. As one example, plaintiff refers to "discovery requests;" it is unclear whether he means he sought evidence to present in his defense against the disciplinary charges or something else. Also, plaintiff has failed to allege with at least some degree of particularity overt acts (or omissions) engaged in by specific defendants that support plaintiff's claims. *Jones.* 733 F.3d at 649. The

Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Therefore, this complaint is dismissed because plaintiff has failed to link any specific defendants with some affirmative act or omission.

However, because plaintiff's allegations may implicate his Fourteenth Amendment due process rights, he has leave to file an amended complaint. If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with specific factual allegations about each defendant's actions. Again, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo*, 423 U.S. 362; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's

1 amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete
2 in itself without reference to any prior pleading. This is because, as a general rule, an amended
3 complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).
4 Once plaintiff files an amended complaint, the original pleading no longer serves any function
5 in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the
6 involvement of each defendant must be sufficiently alleged.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint (docket #1-2).

**IT IS FURTHER ORDERED** that plaintiff's Fifth Amendment claim is **DISMISSED** with prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND** in conformance with this order.

**IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this Order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:10-CV-01326-GMN-LRL**, above the words "FIRST AMENDED" in the space for "Case No."

**IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be

1 | immediately dismissed.

2 | **IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

DATED this 30th day of November, 2010.

_____
Gloria M. Navarro
United States District Judge